HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LEFAIVE, | CASE NO. C18-1103-RAJ |
| Plaintiff, | ORDER |
| v. | |
| STEADFAST INSURANCE COMPANY d/b/a ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Jennifer Lefaive's Motion for Remand. Dkt. # 11. Defendant Steadfast Insurance Company ("Steadfast") opposes the Motion. Dkt. # 14. For the reasons that follow, Plaintiff's Motion to Remand is **GRANTED**. Dkt. # 11.

On June 26, 2018, Plaintiff filed this action in Snohomish County Superior Court against Steadfast for negligence and breach of contract, requesting damages and declaratory relief. Dkt. # 1-2. On or about July 23, 2017, Plaintiff's vehicle was struck

ORDER- 1

by an uninsured driver while Plaintiff was working as a driver for Lyft, a ride sharing company. Dkt. # 1-2. Defendant denied coverage for Plaintiff's claim for uninsured motorist benefits related to the accident. *Id*. On July 27, 2018, Defendant removed the matter to this District, asserting federal jurisdiction on the basis of diversity of citizenship of the parties. Dkt. # 1. Plaintiff then filed this Motion to Remand. Dkt. # 11.

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant asserts that this Court has jurisdiction over this matter on the basis of diversity of citizenship of the parties. The Court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. The Ninth Circuit has defined the amount in controversy as the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (internal citations omitted). Where it is unclear or ambiguous from the face of the complaint whether the requisite amount in controversy is plead, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Urbino v. Orkin Servs. of California, Inc*., 726 F.3d 1118, 1122 (9th Cir. 2013) (citing to *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007)). "[T]he defendant must provide evidence establishing that it is 'more likely than

not' that the amount in controversy exceeds that amount." *Guglielmino*, 506 F.3d at 699 (quoting *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398 (9th Cir. 1996)).

Plaintiff alleges that she "sustained personal injuries, lost wages, and other damages due to the collision." Dkt. # 1-2. Plaintiff also asserts a claim for breach of contract, seeking "all remedies available for breach of contract, including damages in an amount to be determined at trial . . . and all other remedies available to an insured party seeking relief against such part's own insurer under Washington law." *Id*. Prior to filing this suit, Plaintiff sent Defendant a demand letter seeking $121,089.19, or $19,414.19 in medical bills, $1,675.00 in lost income, and $100,000.00 in damages. Dkt. # 11 at 2; Dkt. # 1 at ¶ 9. Prior to filing their Response to this Motion, Defendant wrote to Plaintiff's counsel and asked if Plaintiff would stipulate to reducing her damages claim. Plaintiff's counsel refused to reduce her settlement demand. Dkt. # 15 Ex. 2.

Plaintiff argues that reference to this demand letter and Plaintiff's refusal to stipulate to reducing her damages is insufficient evidence to support Defendant's assertion that the amount in controversy exceeds $75,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff's demand letter sets forth a detailed and comprehensive explanation of her alleged injuries, her treatment, likely future treatment, and the impact of the injuries on her life. However, at most, all of this information supports a finding that the amount in controversy totals $46,089.19, or $19,414.19 in medical damages plus $1,675.00 in lost wages plus $25,000.00 for future disk herniation surgery and physical therapy. The demand letter contains no information supporting Plaintiff's demand for $100,000.00 in "General Damages, Pain and Suffering." Dkt. # 15 Ex. 1. Plaintiff specifically alleges that her settlement offer was merely an "opening demand, not intended to be a reasonable estimate" of her claim. Dkt. # 11 at 7. The amount listed in the demand for "General Damages, Pain and Suffering," is seemingly arbitrary and Defendant provides no further

evidence that supports a finding that it is "more likely than not" that the amount in controversy exceeds $75,000 or that Plaintiff's demand is a reasonable estimate of her claim.

Further, Plaintiff's refusal to reduce her settlement demand is not sufficient evidence that the amount in controversy has been met. Defects in subject matter jurisdiction cannot be stipulated to or waived. *Conrad Assocs. v. Hartford Accident & Indemnity, Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1999); *see also Keodalah v. Allstate Ins. Co.*, No. C15-01412 RAJ, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016). Consequently, making plaintiffs stipulate to the amount of damages recoverable "serve[s] no effect in determining the amount in controversy at the time of removal." *Id*. Plaintiff's failure to disclaim any damages over $75,000 is not sufficient to satisfy Defendant's burden to demonstrate that the jurisdictional amount required for diversity jurisdiction is met.

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED.** Dkt. # 11. **The clerk is directed to remand this case to Snohomish County Superior Court.**

Dated this 21st day of December, 2018.

_____
The Honorable Richard A. Jones
United States District Judge